UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROWEN,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM PRASIFKA, et al.,<br><br>    Defendants. | Case No. 23-cv-02806-DMR<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

    Self-represented Plaintiff Robert Jay Rowen filed a complaint against Defendants William Prasifka, Reji Varghese, and Jannsen Tan alleging constitutional violations pursuant to 42 U.S.C. § 1983 related to the suspension of his medical license. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion to dismiss is granted.

## I.    BACKGROUND[1]

    Rowen alleges that Prasifka is the former executive director of the Medical Board of California ("CMB"); Varghese is the acting executive director of CMB; and Tan is a Deputy Attorney General for the State of California. Compl. 2-3. Rowen alleges that Defendants suspended his medical license in October 2022. His license remains suspended even though he has not received a "hearing or trial," and Defendants "filed an accusation against [him] to permanently revoke [his] license which proceedings are ongoing." *Id*. at 5. He alleges that Prasifka "initiated the process," that Varghese "continues the process," and that Tan represents

---

[1] Defendants ask the court to take judicial notice of 11 exhibits related to the CMB suspension and revocation proceedings, as well as Rowen's Petition for Writ of Mandate and Request for Emergency Injunctive Relief filed in state court in May 2023. [Docket No. 15 (Request for Judicial Notice, "RJN").] They also filed an RJN with their reply in which they ask the court to take judicial notice of two additional exhibits. [Docket No. 24 (2d RJN).] Both RJNs are denied as moot as the court does not rely on any of these materials in deciding this motion.

Prasifka and Varghese and "is prosecuting the actions against" Rowen. Rowen alleges that "[n]one of the named defendants are lawfully capacitated to bring any action as none have given the official bond required by California statutes to occupy their office." *Id*.

Rowen alleges that "California law, affirmed by multiple California Supreme Court Cases . . . mandates that [an] official bond must be executed within 10 days of entering office, or the office is vacant." *Id*. He identifies the following statutes that allegedly require the posting of a bond as a requirement of taking the offices in question: California Government Code sections 1001, 1453, 1454, 1455. Compl. Attach. 1-2. According to Rowen, pursuant to California Government Code section 1770, "an office becomes vacant absent giving bond." *Id*. at 2-3. He further alleges that he made a California Public Records request to the Department of General Services ("DGS") for "copies of the official bonds of the three defendants" and that "DGS answered with official responses that none of the defendants have given the bond required by law." *Id*. at 3. Accordingly, he alleges, "the offices of the Defendants are vacant," *id*., and "well exceeded the bounds of their authority—they had no authority." *Id*. at 7. Based on these allegations, Rowen alleges that Defendants violated his "[p]rocedural and substantive due process [rights]" under the U.S. and California Constitutions. *Id*. at 3.

Rowen filed the complaint in June 2023. Defendants now move pursuant to Rule 12(b)(6) to dismiss the complaint.[2]

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*,

---

[2] Defendants' motion also cites Rule 12(b)(1), but they do not present any argument that the court lacks subject matter jurisdiction in this case. Accordingly, the court will analyze the motion under Rule 12(b)(6).

622 F.3d 1035, 1041 (9th Cir. 2010) (quotation marks omitted) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions, that "plausibly give rise to an entitlement to relief. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quotations and internal citations omitted).

Pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. The Ninth Circuit has held that "where the petitioner is pro se," courts have an obligation, "particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, "a liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled." *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

### III.   DISCUSSION

42 U.S.C. § 1983 "imposes civil liability on an individual who 'under color [of state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws.'" *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (quoting 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Rowen's theory of liability appears to be that because Defendants did not post bonds when they assumed their positions, they lacked authority to suspend his medical license and go forward

1  with permanent revocation proceedings.  Therefore, the suspension and revocation proceedings
2  violate his "[p]rocedural and substantive due process [rights]."  *See* Compl. 3.  In his opposition,
3  he asserts that Defendants have deprived him of "5th Amendment due process" and violated
4  Article I, Section 7 of the California Constitution, which states in relevant part that "[a] person
5  may not be deprived of life, liberty, or property without due process of law."  Opp'n 3, 11.

6  Defendants move to dismiss the complaint.  They argue that because Rowen's "sole
7  argument to support his 42 U.S.C. § 1983 claim rests on his incorrect belief that the Defendants
8  were required to post bonds, his argument fails as a matter of law because no statute required any
9  of the Defendants to post a bond."  Mot. at 5-6.

10  The complaint alleges that under California Government Code section 1001, Defendants
11  "would be occupying civil executive offices."  See Compl. Attach. 1.  Section 1001 identifies
12  California's "civil executive officers," including "an Attorney General and all assistant and deputy
13  attorneys general" and "persons serving on boards or commissions created under the laws of the
14  state or established under the State Constitution."  The complaint then identifies "[a] series of
15  California codes" that allegedly "sets forth the qualifications for a person to enter an office,
16  whether elected or appointed," including "giving a surety bond": California Government Code
17  sections 1453-1455.  *Id*. at 1-2.  However, none specify that individuals in the positions at issue—
18  executive director of CMB, acting executive director of CMB, and Deputy Attorney General—are
19  required to post a bond in order to occupy those offices.  Section 1453 states, "[o]fficial bonds
20  shall be recorded in a book kept for that purpose entitled 'Record of Official Bonds.'"  Section
21  1454 states, "[u]nless otherwise provided, the official bonds of state officers prescribed by law
22  shall be approved by either the Governor or the Director of General Services and filed and
23  recorded in the office of the Secretary of State."  Finally, Section 1455 states, "[u]nless otherwise
24  provided, all official bonds of state officers and employees not expressly prescribed by law shall
25  be forwarded to the Department of General Services for recordation.  Upon such recordation the
26  Department of General Services shall forward the bonds to the Secretary of State where they shall
27  be filed."

28  In his opposition, Rowen contends that each Defendant "failed to complete the

4

prerequisites for holding a de jure public office." Opp'n 2-3.  He also argues that "[t]he bond is the equivalent of automobile insurance in that anyone injured from said official acting outside the authority of his office will have financial recompense, as does a victim in a car accident."  *Id*. at 7.  However, he identifies no statutory authority requiring individuals holding Defendants' offices to post bonds and otherwise does not explain how Defendants violated his Fifth Amendment rights.  Accordingly, the complaint fails to state a claim under 42 U.S.C. § 1983.

Rowen's claim for violation of Article I, Section 7 of the California Constitution appears to be based on the same contention, that Defendants have taken actions to suspend and revoke his medical license without satisfying the requirements for holding their positions.  As discussed above, Rowen identifies no authority for his contention.  Accordingly, the complaint fails to state a claim for violation of the California Constitution.[3]

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleadings could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Leave to amend may be denied "where the amendment would be futile."  *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).  As the court cannot say that amendment would be futile, Rowen is granted leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part.  Rowen may file an amended complaint by no later than **January 10, 2024**.  The December 14, 2023 case management conference is vacated and will be reset later if appropriate.

**IT IS SO ORDERED.**

Dated: December 11, 2023

Donna M. Ryu
Chief Magistrate Judge

---

[3] Because the court finds that the complaint fails to state a claim, it does not reach Defendants' remaining arguments in favor of dismissal, or Defendants' argument that this case should be stayed pending resolution of Rowen's state court action.