UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROWEN,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAM PRASIFKA, et al.,<br><br>        Defendants. | Case No. 23-cv-02806-DMR<br><br>**ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>Re: Dkt. No. 66 |

On June 28, 2024, the court granted Defendants' motion to dismiss self-represented Plaintiff Robert Rowen's first amended complaint ("FAC") challenging the suspension and revocation of his medical license. [Docket No. 63 (June 28, 2024 Order).] The court granted Plaintiff one "final opportunity" to amend his complaint and ordered Plaintiff to file any amended complaint by July 29, 2024, noting, "Plaintiff shall plead his best case." *Id*. at 15-16 (emphasis removed).[1]

On July 29, 2024, Plaintiff filed a "motion for clarification" in which he describes four claimed "ambiguities" in the June 28, 2024 Order. [Docket No. 66.][2] Plaintiff cites Federal Rules of Civil Procedure 60(a), 60(b), and 72(b)(3) as authority for the relief he seeks. Mot. 2.

Rule 72(b)(3) does not apply because that rule addresses objections to magistrate judges' recommendations on dispositive pretrial matters. This matter was originally assigned to the undersigned and all parties consented to magistrate judge jurisdiction. [Docket Nos. 9, 11, 47.]

Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight

---

[1] The court also referred Plaintiff to the section "Representing Yourself" on the Court's website and the Court's Legal Help Centers for unrepresented parties. June 28, 2024 Order 16.

[2] Defendants filed an unopposed request for a one-day extension of the deadline to file a response to Plaintiff's motion. [Docket No. 67.] The request is granted.

or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(b) provides for reconsideration of a final judgment, order, or proceeding "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Fed. R. Civ. P. 60(b)).

Liberally construing Plaintiff's motion for clarification, it appears that he seeks relief under Rule 60(a) as to all or part of the first three "ambiguities" identified in his motion. First, Plaintiff requests that the court clarify its reference to Exhibit A in Defendants' Request for Judicial Notice (Docket No. 49) in the June 28, 2024 Order. Mot. 3; *see* June 28, 2024 Order 1-2. Exhibit A consists of two documents: 1) a ten-page "Proposed Decision" from an administrative law judge with California's Office of Administrative Hearings dated July 18, 2023; and 2) a decision of the Medical Board of California adopting the Proposed Decision as the Decision and Order of the Medical Board of California ("CMB") dated August 25, 2023. [Docket No. 49-1.] As the two documents in Exhibit A together comprise the "CMB Decision," the June 28, 2024 Order referred to Exhibit A as the "CMB Decision."

Second, Plaintiff discusses the court's citation at page 2, line 12 of the June 28, 2024 Order, "*See* Compl. 2-5." Mot. 3; see June 28, 2024 Order 2. Plaintiff states, "Plaintiff guesses the reference is to ECF 1" and appears to challenge the court's citation to the original complaint filed at Docket No. 1, noting that the FAC is the current operative pleading and that the complaint "was moot." Mot. 3. To clarify, the citation in question is to the original complaint filed at Docket No. 1. Plaintiff does not appear to request other relief with respect to this citation.

Third, Plaintiff challenges the court's references to the CMB Decision, possibly disputing the accuracy of the court's pinpoint citations to that document. Mot. 3. The June 28, 2024 Order clearly references the CMB Decision filed at Docket No. 49-1 and these references are easily discernable. The court denies Plaintiff's motion for relief on this issue.

Finally, Plaintiff challenges other aspects of the June 28, 2024 Order as erroneous and unsupported and disputes various aspects of or statements in the OMB Decision. Mot. 4-6. To the

extent Plaintiff contends that relief is appropriate under Rule 60(b), his motion fails to show "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *See Fuller*, 950 F.2d at 1442.  The motion is accordingly denied.

The extension to file a second amended complaint is extended to September 12, 2024.  No further extensions shall be granted.  **Plaintiff shall plead his best case.**

**IT IS SO ORDERED.**

Dated: August 29, 2024



Donna M. Ryu
Chief Magistrate Judge